## W. Scott Edwards v. Eliza J. Barnes.

1. HUSBAND AND WIFE—*Transfer of Property*.—A transfer of personal property from a husband to his wife, living together as such, must be evidenced by an instrument in writing as required by Sec. 9, Chap. 68, R. S. (Hurd's Statutes 1891, 798).

2. RATIFICATION—*What is Not*.—A husband sold a cow belonging to his wife. Returning home after the sale he threw into her lap a portion of the money and going away did not return for some days. She kept the money until his return when, at her request, he gave her a sum in addition to enable her to return to the vendor the purchase price, which she did, but he refused to accept the money or to return the cow. *It was held* that no inference of ratification arose from these facts.

3. SAME—*Acceptance of a Part Without Prejudice to the Rest*.—A person asserting ownership to two animals may take possession of one, if his right to such animal is not questioned, without prejudicing his claim to the other.

4. NEW TRIALS—*Newly Discovered Testimony—Names of Witnesses.*—
The names of the witnesses by whom the party applying for a new trial
expects to prove the alleged newly discovered matters must be stated in
the affidavit.

Memorandum.—Replevin.   In the Circuit Court of Fulton County; the
Hon. JEFFERSON ORR, Judge, presiding. . Declaration; pleas, (1) *non cepit;*
(2) *non détinet;* (3) property in a third person; replications, etc.; trial
by jury; verdict and judgment for plaintiff; defendant appeals.
Heard in this court at the November term, 1893, and affirmed.   Opinion
filed April 28, 1894.

W. S. EDWARDS, *pro se.*

KINSEY THOMAS, of counsel for appellant.

APPELLEE'S BRIEF, H. W. MASTERS, ATTORNEY.

A principal undertaking to adopt and ratify the unauthor-
ized act of his agent, must do so with a knowledge of all
material circumstances, or with the intent to take all liabil-
ities without such knowledge.   Kerr v. Sharp, 83 Ill. 199;
Stein v. Kendall, 1 Brad. 101;   Matthews v. Hamilton, 23
Ill. 470;   Reynolds v. Ferree, 86 Ill. 570;   Proctor v. Tows,
115 Ill. 138.

If a principal receive money arising from the sale of his
goods from one, even his agent, who acted beyond the
scope of his authority as such agent, he will not be regarded
as confirming the sale if he is ignorant of the facts.   Smith
v. Tracy, 36 N. Y. 79;   Bell v. Cunningham, 3 Pet. (U. S.)
69;   Evans v. Chicago R. Co., 26 Ill. 189.

If a ratification is relied upon as shown by implication,
the acts must be such as clearly indicate an intention to
ratify the unauthorized act, and must be inconsistent with
a different intention and the question of ratification in such
case is left to the jury.   Farwell v. Myer, 35 Ill. 40;   Bar-
nard v. Wheeler, 24 Me. 412;   Crooker v. Appleton, 22 Me.
131.

Because a principal on learning of the unauthorized act
does not instantly repudiate it, the failure to do so is not
*ipso facto* a ratification.   Miller v. Excelsior Stone Co.,

1 Brad. 273; Caswell v. Cross, 120 Mass. 545; Deland v. Dixon Nat. Bank, 111 Ill. 323.

A failure to disavow the acts of one who was not an agent and had no kind of authority, but acted merely as a volunteer, will not amount to a ratification. In all such cases an express ratification is necessary. Ward v. Williams, 26 Ill. 451; Ladd v. Hildebrant, 27 Wis. 135; Kelly v. Phelps, 57 Wis. 425.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action was replevin by appellee to recover possession of a Jersey cow. Judgment for appellee upon the verdict of a jury, from which this appeal. The appellant pleaded, among other defenses, property in his wife, and complains that the jury were erroneously instructed as to the law in reference to the burden of proof upon that issue. The title of appellant's wife was predicated on an alleged gift of the animal to her by her husband, the appellant. They were living together as husband and wife. The transfer was not evidenced by an instrument in writing, as required in such cases by Sec. 9, Chap. 68, R. S. It was against the rights and interest of the appellee, and therefore invalid as to her. Hence, the verdict as to this issue was right, and, being so, it is not material whether the instructions were correct or not. That the cow was the property of the appellee was abundantly shown by the evidence and was not seriously questioned. The appellant's claim to the animal was that he had purchased her of the appellee's husband. It was clearly shown that this sale to the appellant was without the consent and against the will of the appellee. It is, however, insisted that she ratified the sale, (1) by accepting the money, or a portion of the money received by her husband from appellant for the cow; (2) by accepting from the appellant a calf which the cow dropped after the sale. The sale of the cow was made by the husband of appellee while he was in a drunken condition. He returned to their home after the sale, threw into her lap a part of the money

received for the cow, told her he had made the sale, went away and did not return for some days. · She kept the money until he came back, when, at her request, he gave her a sufficient sum in addition to enable her to offer to return to appellant the purchase price of the cow. She testified that she did so offer to return the money, and that the appellant refused to accept the money or surrender the animal. No inference of ratification arises from these facts. The cow was carrying the calf when the contract was made between appellant and the husband of appellee. The appellant testified that he bought only the cow and was to surrender · the calf, when calved. The appellee claimed both cow and calf and sought to have both surrendered to her. Her right to the calf was not questioned and she took it away. Her claim to the cow was denied, and she brought the action to recover it. Certainly, the appellee, asserting ownership of both animals, could take possession of one if her right to it was not questioned, without prejudicing her claim to the other. We think the verdict right upon the merits and find no error so prejudicial to the appellant as to demand reversal of the judgment. The motion for a new trial upon the ground of newly discovered testimony was supported only by the affidavit of the appellant. The names of the witnesses by whom he expected to prove the alleged newly discovered facts were not disclosed, and the testimony, if produced, would be but cumulative. It was not error to deny the motion. The judgment must be and is affirmed.